# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 11, 2012

## STATE OF TENNESSEE v. CLAY ROBERTSON

**Appeal from the Circuit Court for Lincoln County**
**No. S1000144      Robert Crigler, Judge**

**No. M2012-00293-CCA-R3-CD - Filed September 25, 2012**

Much aggrieved by the Lincoln County Circuit Court's sentencing decision following his plea to a community corrections violation warrant, the defendant, Clay Robertson, appeals the trial court's imposition of an effective sentence of seven years' incarceration for his guilty-pleaded convictions of theft of property valued at more than $1,000 but less than $10,000 and facilitation of aggravated robbery. Discerning no error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Donna Orr Hargrove, District Public Defender; and William J. Harold, Assistant Public Defender, for the appellant, Clay Robertson.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Charles Crawford, District Attorney General; and Hollyn Eubanks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On January 18, 2011, the Lincoln County grand jury charged the defendant with two alternative counts of theft of property valued at more than $1,000 but less than $10,000 and one count of aggravated robbery for offenses committed on July 30, 2010. On March 22, 2011, the defendant pleaded guilty to one count of theft of property and one count of facilitation of aggravated robbery. Pursuant to the plea agreement, the trial court sentenced the defendant to consecutive sentences of two years and three years, respectively, to be served on community corrections supervision. On September 2, 2011, a violation of

community corrections warrant issued alleging that the defendant had been arrested for domestic violence. On December 9, 2011, the defendant pleaded guilty to the violation warrant and submitted to resentencing by the trial court.

At the January 17, 2012 resentencing hearing, the trial court determined that the defendant had committed the original offenses while on probation for a 2010 assault conviction and that his history showed an inability to successfully complete probation. The court ruled that these factors justified a one-year increase to each sentence to be served in the custody of the Department of Correction. Accordingly, the trial court entered amended judgments reflecting sentences of three years for the theft conviction and four years for the facilitation of aggravated robbery conviction to be served consecutively for a total effective sentence of seven years' incarceration.

On appeal, the defendant challenges the trial court's resentencing decision. He argues that the seven-year incarcerative sentence is too harsh when considered in light of his successful payment of all costs, fines, and restitution pertinent to his convictions. The State argues that the sentencing decision was appropriate and should be affirmed.

If the evidence is sufficient to show a violation of the terms of supervision in a community corrections placement, as when a defendant pleads guilty to the revocation warrant, the trial court may, within its discretionary authority, revoke the community corrections sentence and require the defendant to serve his sentence in confinement "less any time actually served in any community-based alternative to incarceration." T.C.A. § 40-36-106(e)(4). Furthermore, when the trial court does not alter "the length, terms or conditions of the sentence imposed," *Id*. § 40-36-106(e)(2), the court is not required to hold a sentencing hearing. As another option, however, the trial "court may resentence the defendant to any appropriate sentencing alternative, including incarceration . . . . [and] resentencing shall be conducted in compliance with § 40-35-210." *Id*. § 40-36-106(e)(4); s*ee, e.g.*, *State v. Samuels*, 44 S.W.3d 489, 493 (Tenn. 2001) (observing that the trial court must conduct a sentencing hearing before imposing "a new sentence" following a community corrections revocation).

When considering challenges to the length and manner of service of a sentence this court conducts a de novo review with a presumption that the determinations of the trial court are correct. T.C.A. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The appealing party, in this case the defendant, bears the burden of establishing impropriety in the sentence. T.C.A. § 40-35-401, Sentencing Comm'n Comments; *see also Ashby*, 823 S.W.2d at 169. If our review of the sentence establishes that the trial court gave "due

consideration" to the appropriate "factors and principles which are relevant to sentencing under the Act, and that the trial court's findings of fact . . . are adequately supported in the record, then we may not disturb the sentence even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Appellate review of the sentence is purely de novo. *Ashby*, 823 S.W.2d at 169.

In making its sentencing decision, the trial court was required to consider:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b). The trial court should also consider "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." *Id.* § 40-35-103(5).

In this case, the trial court imposed new sentences reflecting a one-year increase in both sentences to be served in confinement. The trial court based its sentencing determination upon the defendant's commission of the conviction offenses while on probation and past failed attempts at probationary sentences. In our view, the record supports the trial court's imposition of new incarcerative sentences in this case.

Accordingly, we affirm the judgments of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE